THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANNA RYAN, Appellant.

Court of Special Sessions of City of New York, Appellate Part, First Judicial Department, May 19, 1931.

*K. Henry Rosenberg,* for the appellant.

*Thomas C. T. Crain, District Attorney [Edward Loughlin* of counsel], for the People.

PER CURIAM. On the 5th of March, 1931, the appellant Anna Ryan was convicted of vagrancy for having violated the provisions of section 887, subdivision 4, clause a, of the Code of Criminal Procedure, and upon this conviction was sentenced to the workhouse for an indeterminate period not to exceed two years, in

accordance with the provisions of section 4 of the Parole Commission Law (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 287) for first class cities.

There is no dispute as to the legality of the conviction; we are asked only to review the legality of the indeterminate sentence.

The Parole Commission Law for first class cities, section 4, declares that the sentence on a conviction for vagrancy must be an indeterminate one of not more than two years if it is established that the defendant has been convicted three or more times of either disorderly conduct tending to a breach of the peace, vagrancy, or of violation of section 150 of the Tenement House Law, as amended. However, due notice and opportunity to the defendant to be heard in opposition to such accusations of prior convictions must be accorded. We find from the record that such notice and opportunity were duly accorded to the appellant in this case and the magistrate decided against her. We also find that the convictions designated as loitering are convictions of disorderly conduct tending to a breach of the peace.

The New York City Consolidation Act of 1882 (Laws of 1882, chap. 410), still in force, makes loitering disorderly conduct tending to a breach of the peace (§ 1458).

We are of the opinion that the law has been complied with and that the fingerprints were properly proved to be the fingerprints of the defendant. These fingerprints show the defendant to have been previously convicted on four separate occasions of disorderly conduct that tends to a breach of the peace (loitering); that she was convicted of a violation of the Tenement House Law and also convicted of violating section 887 of the Code of Criminal Procedure.

The sentence complained of was properly imposed, and the judgment is affirmed.

All concur; present, McInerney, P. J., Kernochan and Voorhees, JJ.